UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States</u>

     v.                           Criminal No. 16-cr-00111-LM
                                      Opinion No. 2020 DNH 088

<u>Ian Chase</u>

## O R D E R

Defendant, Ian Chase, is currently serving a 60-month sentence on one count of unlawful manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1)(C) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He requests that the court recommend to the Bureau of Prisons ("BOP") that he be permitted to serve the last 12 months of his sentence in a residential reentry center.  Doc. no. 44.  The government filed no objection.

### STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3621, BOP "has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment."  <u>Tapia v. United States</u>, 564 U.S. 319, 331 (2011) (internal quotation marks omitted).  To the extent practicable, BOP must ensure that a prisoner spend a portion of

his or her final months of imprisonment—not to exceed 12
months—"under conditions that will afford that prisoner a
reasonable opportunity to adjust to and prepare for the reentry
of that prisoner into the community."  18 U.S.C. § 3624(c)(1).
These conditions are present at a "community corrections
facility," also known as a halfway house or residential reentry
center.

A sentencing court may recommend that a prisoner serve up
to 12 months of his or her sentence in a residential reentry
center.  See 18 U.S.C. § 3621(b)(4); Tapia, 564 U.S. at 331;
United States v. Stiles, 1:11-cr-00185-JAW, 2018 WL 4219192, at
*3 (D. Me. Sept. 5, 2018).  But that recommendation has no
binding effect on BOP; BOP retains ultimate decision-making
authority over the prisoner's placement.  18 U.S.C. § 3621(b);
Tapia, 564 U.S. at 331.

## BACKGROUND

On July 21, 2016, defendant was arrested on the
methamphetamine manufacturing charge.  He was released that same
day on conditions and with pretrial supervision.  Doc. no. 5.
In November 2016, defendant was charged by superseding
information with the same methamphetamine manufacturing charge
(count one) and with possession of a firearm in furtherance of a

2

drug trafficking crime (count two).  Shortly thereafter, in December, defendant waived indictment and pleaded guilty to both charges.  See doc. no. 14 (plea agreement).  The plea agreement explains that federal agents received information that defendant was manufacturing methamphetamine in a shack near his residence. When agents arrived at defendant's property to investigate, they observed evidence that defendant was manufacturing methamphetamine.  They also found a pistol on defendant's person and several additional firearms in his home and vehicle.

On March 16, 2018, the court sentenced defendant to time served on count one and 60 months on count two to be served consecutively.  See doc. no. 40.  The court also imposed a three-year term of supervised release.  The court ordered defendant to self-surrender for his sentence of imprisonment the following month.

Defendant has served the majority of his sentence in the camp at the Federal Correctional Institution ("FCI") Berlin, which is the facility the court recommended BOP place him so he could be near his family.  While at FCI Berlin, defendant has worked several jobs—as a welder, utility worker, and snow-plow driver—achieving essentially full-time work while incarcerated. He represents that he has not had any disciplinary infractions

3

during his incarceration.  He also represents that he completed
the available drug education course and regularly attends
Narcotics Anonymous ("NA") meetings.

Defendant filed this motion because his unit manager told
him that he might qualify for more than the typical 4-6 months
at a residential reentry center if he received a judicial
recommendation for the full 12 months.  His projected release
date is July 6, 2022.


## DISCUSSION

Sentencing courts evaluating requests such as defendant's
have considered a variety of factors, including defendant's
post-sentencing rehabilitation efforts, prison disciplinary
record, recommendations from BOP personnel, the nature of the
crime for which defendant is incarcerated, and defendant's
criminal history (or lack thereof).  See, e.g., Stiles, 2018 WL
4219192, at *3-6 (collecting cases granting and denying similar
requests and analyzing facts of instant case).  Considering
these factors, the court finds that defendant is a strong
candidate for a 12-month residential reentry center placement.

Defendant has a moderate criminal history, with offenses
stretching through his entire adult life thus far.  Those

offenses include several crimes against property, possession of
marijuana, and driving while intoxicated.  See doc. no. 19 at 7-
9.  Defendant's pattern of criminal behavior culminated in the
conduct underlying the offenses for which he is currently
incarcerated: manufacturing methamphetamine and possessing a
firearm in furtherance of that crime.  These crimes may have
been motivated in part by his then-current use of cocaine and/or
methamphetamine.  Notably, however, defendant's criminal history
involves no instances of violent behavior.  Although defendant
was charged with possession of a firearm in furtherance of a
drug crime, he did not use the firearm in a threatening or
violent manner.

Since he was first arrested on the methamphetamine charge,
defendant has turned a corner towards sobriety and law-abiding
behavior.  Defendant was released on bail from July 2016 until
April 2018 when he self-surrendered.  During that time,
defendant engaged in regular counseling, attended NA meetings,
and tested negative on all drug screenings.  Doc. no. 19 at 13.

Defendant has continued those positive habits while
incarcerated by taking efforts to rehabilitate himself.  He
completed a drug education course, regularly attends NA
meetings, works consistently, and has avoided any disciplinary

infractions.[1]  Defendant's recent behavior demonstrates that he may be able to thrive in the less-restrictive environment of a residential reentry center.  His return to the community will allow him to reunite with his family and begin financially supporting them.  Assuming that defendant continues his rehabilitation efforts during the rest of his sentence and after he is released, the court finds that defendant is deserving of this court's recommendation that, to the extent possible, BOP place him in a residential reentry center for the maximum period allowable by law (12 months).

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion for a recommendation to BOP that it place him in a residential reentry center for the final 12 months of his sentence (doc. no. 44).

---

[1] Although defendant has not submitted any proof of his disciplinary record, work history, or educational efforts, the court has no reason to disbelieve his representations.  Cf. United States v. Ford, No. 1:12-CR-000163-JAW-4, 2018 WL 3117634, at *3 (D. Me. June 25, 2018) (refusing to accept defendant's representations about her behavior in prison because she had lied during her trial and re-trial testimony).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 22, 2020

cc:   Counsel of Record
      U.S. Probation

7